UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| RICKY D. ARNOLD, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CV420-113 |
| ARTIS SINGLETON, Warden | ) ) | |
| Respondent. | ) ) | |

### REPORT AND RECOMMENDATION

Petitioner Ricky Arnold has filed a 28 U.S.C. § 2254 petition seeking review of a 2007 conviction for aggravated child molestation, attempted aggravated child molestation, child molestation, and aggravated sexual battery. Doc. 1 at 1; *see also Arnold v. State*, 699 S.E. 2d 77, 80, 305 Ga. App. 45 (2010). For the following reasons, his petition should be **DISMISSED** as successive.

Although petitioner does not disclose it, this is his second § 2254 petition in this Court. *Compare Arnold v. Hall*, CV415-059, doc. 1 (S.D. Ga. Feb. 26, 2015) (§ 2254 petition), *with* doc. 1.[1] Arnold's original petition

---

[1] Comparison of the two petitions shows that, to file the present petition, Arnold simply crossed out the place of his confinement and the name of the respondent from his original petition and wrote in his present place of confinement and the present responded. *See* doc. 1 at 1.

was dismissed with prejudice as untimely. *See* CV415-059, doc. 9 (S.D. Ga. May 5, 2015), *adopted* doc. 13 (S.D. Ga. Mar. 29, 2016). Because petitioner has neither sought nor received permission from the Eleventh Circuit to pursue a successive § 2254 petition, this Court lacks jurisdiction to consider it.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). District courts "lack[ ] jurisdiction to decide a second or successive petition filed without [the court of appeals'] authorization." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014). Consequently, "[a] district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Smalls v. St. Lawrence*, 2012 WL 1119766 at * 1 (S.D. Ga. Feb. 27, 2012). Finally, "[a] dismissal of a § 2254 petition as untimely constitutes a dismissal with prejudice on the merits for purposes of restricting a second or successive § 2254 petition." *Jeffus v. Sec'y, Fla. Dep't of Corrs.*, 759 F. App'x 773, 775 (11th Cir. 2018) (citing *Jordan v.*

*Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1359 (11th Cir. 2007)).

Because (1) this is Arnold's second § 2254 petition, and (2) he never received permission from the court of appeals before filing, this Court lacks jurisdiction to consider it.  Accordingly, his petition should be **DISMISSED**.  Further, because it is "indisputably time-barred," *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 199), even construing petitioner's application as a motion for § 2244(b)(3)(A) authorization, transfer to the Eleventh Circuit for consideration is unwarranted.  28 U.S.C. § 2244(b)(3)(A) & 28 U.S.C. § 1631.[2]

---

[2]  Arnold's 2015 petition listed three grounds for relief: (1) a defect in the jury charge on aggravated child molestation, (2) the state's failure to prove essential elements of the charges, and (3) inadequate assistance of counsel. *See* CV415-059, doc. 1 at 5–8 (S.D. Ga. Feb. 26, 2015).  The grounds listed in the present petition are identical verbatim. *See* doc. 1 at 5–8.  The Court's prior Report and Recommendation explained that his conviction became final on April 14, 2011.  CV415-059, doc. 9 at 2 (S.D. Ga. May 5, 2015).  He, therefore, had until April 14, 2012 to file a state habeas petition. *Id.* at 3.  He did not file such a petition until "September 24, 2013—894 days past the date his conviction became final." *Id.*  As the Court further explained, that delay "ran out the clock and it could not be restarted." *Id.* at 4 (citations omitted).  The Court further concluded that equitable tolling of the one-year period was not warranted. *Id.* at 5.  The district judge adopted the magistrate judge's recommendations, expressly noting that Arnold "is not entitled to equitable tolling." *See* CV415-059, doc. 14 (S.D. Ga. Mar. 29, 2016).

As with the statement of his grounds for relief, Arnold's present explanation of "why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition," is identical verbatim to his explanation in 2015. *Compare* CV415-059, doc. 1 at 13 (S.D. Ga. Feb. 26, 2015), *with* doc. 1 at 13.  Even if it were not successive, the intervening years have not made Arnold's petition more timely.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the

4

litigation, so no COA should issue.  28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal).  And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

    **SO REPORTED AND RECOMMENDED,** this 26th day of May, 2020.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA